# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN MCGLOTHIN,<br><br>    Plaintiff,<br><br>    v.<br><br>T. PEREZ, et al.,<br><br>    Defendants. | **Case No. 1:14-cv-00844-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br>**(ECF No. 1)**<br><br>**AMENDED PLEADING DUE IN THIRTY-DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on June 4, 2014 pursuant to 42 U.S.C. § 1983.

The Complaint is before the Court for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

1

immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

## III. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff names as Defendants: (1) Perez, Warden, Corcoran State Prison

2

("CSP"), (2) Neal, Accountant, CSP, (3) Slimp, Investigative Services Unit ("ISU") Officer, CSP, (4) Scaife, ISU Officer, CSP, (5) Allen, Appeal Examiner, California Department of Corrections and Rehabilitation ("CDCR"), Sacramento, (6) Zamora, CDCR Chief Appeal Officer, Sacramento.

Plaintiff claims that Defendants, on four occasions, allowed a third party to fraudulently withdraw a total of $1932.18 from his CSP inmate trust account. He claims that several such withdrawals occurred after he put Defendants on notice.

Plaintiff also claims that Defendants improperly handled his related administrative appeal(s) by canceling, rejecting and denying same.

Plaintiff seeks monetary damages.

## IV.   DISCUSSION

### A.   Section 1983 Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. *Iqbal*, 129 S.Ct. at 1948. Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions or omissions. *Id.* at 1948.

Here, Plaintiff does not explain how Defendant Warden Perez participated in, or otherwise might be responsible for the alleged violations. The mere fact that Warden Perez may have supervised the individuals allegedly responsible for a violation is not enough. Defendant Perez may only be held liable in a supervisory capacity if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

If Plaintiff chooses to amend, he must demonstrate that each Defendant personally acted or failed to act violating his rights.

**B.      Deprivation of Trust Funds**

1.      Federal Due Process Claim

The Due Process Clause protects prisoners from being deprived of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974). "Inmates have a property interest in funds held in prison accounts. Thus, inmates are entitled to due process with respect to any deprivation of this money". *Vance v. Barrett,* 345 F.3d 1083, 1089 (9th Cir. 2003), citing *Reynolds v. Wagner,* 128 F.3d 166, 179 (3d Cir. 1997).

An authorized, intentional deprivation of property may be actionable under the Due Process Clause.[1] *Hudson v. Palmer,* 468 U.S. 517, 532, n.13 (1984), citing *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 435–436 (1982); *see also Quick v. Jones,* 754 F.2d 1521, 1524 (9th Cir. 1985). Authorized deprivations of property are not actionable if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley,* 482 U.S. 78, 89 (1987).

Neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533.

There is an adequate post-deprivation remedy under California law. Plaintiff's

---

[1] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Logan*, 455 U.S. at 436; *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); see also *Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

allegations do not suggest Defendants engaged in conduct so serious as to implicate his substantive due process rights, i.e. conduct that is prohibited regardless of available post-deprivation remedies. See *Wood v. Ostrander*, 879 F.2d 583, 588-89 (9th Cir. 1989) (the "post-deprivation rule" does not apply to claims alleging a deprivation of a right guaranteed by the substantive Due Process Clause).

Here, Plaintiff alleges Defendants were negligent in allowing a third party to fraudulently withdraw his trust funds. He also alleges that Defendants' conduct was not authorized under CSP Operating Procedures. Such claims fail as a matter of law. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994), citing Cal. Gov't Code §§ 810–895.

### 2. State Tort Claim

Plaintiff has not alleged he met state claims filing requirements prerequisite to a state law civil claim for funds withdrawn from his inmate trust account.[2]

Moreover, the Court need not address the viability of Plaintiff's state claims because the Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); see also *Gini v. Las Vegas Metropolitan Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." *Les

---

[2] Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4.

*Shockley Racing v. National Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989).

        3.      Leave to Amend

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts plausibly claiming an authorized withdrawal of funds not reasonably related to a legitimate penological interest or a valid state tort claim relating to an unauthorized or negligent deprivation subject to supplemental jurisdiction.

**C.**    **Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); see also *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

In the prison context, however, even fundamental rights such as the right to equal protection are judged by a standard of reasonableness - specifically whether the actions of prison officials are reasonably related to legitimate penological interests. *Walker v. Gomez*, 370 F.3d 969, 974 (9th Cir. 2004), citing *Turner*, 482 U.S. at 89, ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.").

Plaintiff maintains Defendants denied him equal protection when they ignored

evidence of their negligence. However, he does not provide facts sufficient to suggest an equal protection claim under either protected class theory or disparate treatment theory. Plaintiff does not allege membership in a suspect class. He does not allege that he was treated differently from similarly situated inmates. He does not allege facts suggesting discriminatory intent. See *Washington v. Davis*, 426 U.S. 229, 239–40 (1976) (to establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent).

Plaintiff will be given leave to amend. If Plaintiff chooses to amend, he should allege facts showing denial of equal protection based on his protected class or through disparate treatment.

**D.    Inmate Grievance**

Plaintiff claims Defendants improperly processed and decided his 602 grievances. However, in *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in *Ramirez v. Galarza*, 334 F.3d 850, 860 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure.

The appeal procedure does not create any due process rights nor does it entitle Plaintiff to any particular action by prison staff. *Ramirez*, 334 F.3d at 860 (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). Plaintiff's mere disagreement with actions of Defendants in reviewing his grievances is not actionable under § 1983. *Id.*

Plaintiff may not assert a due process claim arising from processing and denial of his grievance.

### E. Title 15 Operational Procedures

Plaintiff claims Defendants violated CSP Operational Procedures applicable to inmate trust withdrawals.[3]

It appears the Operational Procedures he includes with his pleading were adopted pursuant to Title 15 prison regulations. Plaintiff has no individualized right to enforce Title 15 regulations. See *Chappell v. Perrez*, 2011 WL 2296816, *2 (E.D. Cal. June 8, 2011); *Vasquez v. Tate,* 2012 WL 6738167, at *9 (E.D. Cal. December 28, 2012). Plaintiff does not cite authority showing an independent right of action for violation of Operational Procedures implementing Title 15.

Plaintiff may not base a federal claim solely on an alleged violation of Operating Procedures under Title 15.

### V. CONCLUSIONS AND ORDER

The Complaint fails to state any cognizable claim. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this Order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Forsyth v.*

---

[3] The Operational Procedures included with the Complaint reference Cal. Code Regs. tit. 15 §§ 3190-91.

8

*Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed June 4, 2014,
2. Plaintiff's Complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted,
3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order, and
4. If Plaintiff fails to file an amended complaint in compliance with this Order, the action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v, Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   August 27, 2014           /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

9