UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN McGLOTHIN,<br><br>              Plaintiff,<br><br>        v.<br><br>T. PEREZ, et al.,<br><br>              Defendants. | **Case No.  1:14-cv-00844-MJS (PC)**<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM (ECF No. 14)**<br><br>**DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 USC § 1915(g)**<br><br>**CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE** |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed on June 4, 2014 pursuant to 42 U.S.C. § 1983. He has consented to magistrate judge jurisdiction.

The Court dismissed Plaintiff's original Complaint (ECF No. 1) without prejudice for failure to state a claim.  (ECF No. 9).  His First Amended Complaint (ECF No. 14) is before the Court for screening.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.    PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true,

2

legal conclusions are not. Id., at 667-68.

**III.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff names as Defendants: (1) Perez, Warden, Corcoran State Prison ("CSP"), (2) Neal, Accountant, CSP, and (3) Slimp, Investigative Services Unit ("ISU") Officer, CSP.

Plaintiff claims that Defendants, on four occasions, allowed a third party to fraudulently withdraw a total of $1,932.18 from Plaintiff's CSP inmate trust account.  He claims that several such withdrawals occurred after he put Defendants on notice of the first unauthorized withdrawal.

Plaintiff also claims that Defendants improperly handled his related administrative appeal(s) by canceling, rejecting and denying same.

Plaintiff seeks restitution of the money taken from his account

**IV.    DISCUSSION**

Of the claims Plaintiff was given leave to amend in the first screening order, Plaintiff has re-alleged only his due process claim in the amended complaint. (ECF No. 14, at 4).  As the Court explained in its first screening order (ECF No. 9), "only the most egregious official conduct" is sufficiently arbitrary to violate substantive due process, Cty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998), and neither negligent nor unauthorized intentional deprivations of property by state employees violate procedural due process where there is an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Because the facts Plaintiff has set forth allege at most a negligent deprivation of property, and because California's post-deprivation remedies are adequate, Plaintiff fails to state a cognizable due process claim.  The court explains its reasoning in more detail below.

**A. Substantive due process**

An individual's right to substantive due process protects him against arbitrary government action. Lewis, 523 U.S. at 846 (1998); Sylvia Landfield Tr. v. City of Los Angeles, 729 F.3d 1189, 1195 (9th Cir. 2013); Bingue v. Prunchak, 512 F.3d 1169, 1173 (9th Cir. 2008). Both legislation and misconduct by an individual government employee may violate substantive due process. Lewis, 523 U.S. at 846. Individual misconduct must be "egregious," however, to be unconstitutional, id., and the "alleged deprivation must 'shock the conscience and offend the community's sense of fair play and decency.'" Sylvia Landfield Tr., 729 F.3d at 1195 (quoting Marsh v. Cty. of San Diego, 680 F.3d 1148, 1154 (9th Cir. 2012)(publication of toddler's autopsy photos could violate relatives' due process rights)); see also, e.g., Porter v. Osborn, 546 F.3d 1131, 1141-1142 (9th Cir. 2008)(police officer's fatal shooting of motorist during traffic stop could violate due process); Tennison v. City and Cty. of San Francisco, 570 F.3d 1078, 1088-1089 (9th Cir. 2008)(due process violated where investigators withheld exculpatory information, causing two innocent men to be incarcerated wrongfully for thirteen years).

Here, Defendants' alleged oversight, enabling a third party to withdraw money fraudulently from Plaintiff's trust account, is simply not comparable to the above cases. Although perhaps worthy of criticism, Defendants' alleged acts do not "shock the conscience." Therefore, Plaintiff fails to state a substantive due process claim.

**B. Procedural Due Process**

The Due Process Clause also guarantees "procedural fairness" and protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their

4

personal property, including "funds held in prison accounts.  Thus, inmates are entitled to due process with respect to any deprivation of this money".  Vance v. Barrett, 345 F.3d 1083, 1088 n.6 (9th Cir. 2003)(citing Reynolds v. Wagner, 128 F.3d 166, 179 (3d Cir. 1997)).

Not every deprivation of a protected property interest, however, violates federal procedural due process.  Daniels v. Williams, 474 U.S. 327, 332 (1986)(affirming that the Fourteenth Amendment is not "a font of tort law to be superimposed upon whatever systems may already be administered by the States"); Hudson v. Palmer, 468 U.S. 517, 533 (1984).  "Where a government official's act causing injury to… property is merely negligent, 'no procedure for compensation is *constitutionally* required." Daniels, 474 U.S. at 333 (citing Paratt v. Taylor, 451 U.S. 527, 548 (1981)(POWELL, J., concurring)).  Even an "unauthorized, intentional deprivation of property by a governmental employee" does not violate procedural due process "if a meaningful post-deprivation remedy for the loss is available." Hudson, 468 U.S. at 533; Barnett v. Centoni, 31 F.3d  813, 816-817 (9th Cir. 1994).

There is an adequate post-deprivation remedy under California law. Blueford v. Prunty, 108 F.3d 251, 256 (9th Cir. 1997); Barnett, 31 F.3d at 816-817.  Where a plaintiff seeks damages for the alleged negligent or wrongful conduct of a state employee, he may file suit in state court under the California Tort Claims Act. CAL. GOV'T. CODE §§ 810 *et seq.*; Barnett, 31 F.3d at 816-817.  The Act requires plaintiffs suing "for money or damages" to first present their claims to the Victim Compensation and Government Claims Board. CAL. GOV'T. CODE § 945.4.  Claim presentation may not be required, however, for plaintiffs whose "property [was] lost and cannot be returned due to the government's own negligence" and who only seek "specific recovery of his

5

1  personal property or its value." Escamilla v. CDCR, 141 Cal. App. 4th 498, 509-513

2  (Cal. Ct. App. 2006)(prisoner whose personal effects had been discarded by prison staff

3  was not required to present claim, even though he would be recovering value of

4  possessions, not possessions themselves); accord City of Stockton v. Super. Ct., 171

5  P.3d 20, 28-29 (Cal. 2007); Holt v. Kelly, 574 P.2d 441, 444 (Cal. 1978); Minsky v. City

6  of Los Angeles, 520 P.2d 726, 733 n. 14 (Cal. 1974). This latter category of plaintiffs

7  can seek redress directly by filing a petition for a writ of mandamus. See Escamilla, 141

8  Cal. App. 4th at 511-512.

9      Here, Plaintiff alleges that Defendants allowed a third party to make multiple

10  fraudulent withdrawals from his prison trust account. He also alleges that Defendants'

11  conduct was not authorized under CSP Operating Procedures.  These allegations

12  establish, at most, negligence on the part of Defendants in allowing the withdrawals,

13  and thus do not state a procedural due process violation.  Daniels, 474 U.S. at 330-331.

14  Even if authorization of the fraudulent withdrawals had been intentional, however, there

15  would still be no due process violation because Plaintiff has adequate redress under

16  California law.  See Barnett, 31 F.3d at 816-817.

17  **C. Supplemental Jurisdiction over any Viable State Claims**

18      The court will not address the viability of Plaintiff's state tort claims, or whether,

19  under Escamilla, he would be exempt from the claim presentation requirement of the

20  Tort Claims Act, because the Court will not exercise supplemental jurisdiction over any

21  state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(c)(3); Herman

22  Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); Brown v.

23  Lucky Stores, Inc., 246 F.3d 1182, 1189 (9th Cir. 2001). "When . . . the court dismisses

24  the federal claim leaving only state claims for resolution, the court should decline

1  jurisdiction over the state claims and dismiss them without prejudice." <u>Les Shockley</u>
2  <u>Racing v. National Hot Rod Ass'n</u>, 884 F.2d 504, 509 (9th Cir. 1989).
3          Here, Plaintiff has failed to state a cognizable federal claim, so the court declines
4  to exercise jurisdiction over possible state claims.

**V.   CONCLUSIONS AND ORDER**

         Plaintiff's first amended complaint fails to state a cognizable claim.  He was
previously advised of pleading deficiencies and afforded the opportunity to correct them.
He failed to do so.  No useful purpose would be served by once again pointing out the
deficiencies and giving another opportunity to correct them.  Further leave to amend
would be futile and is denied.

         Based on the foregoing, it is HEREBY ORDERED that:

1.       Plaintiff's First Amended Complaint (ECF No. 14) is DISMISSED for failure
         to state a claim;

2.       This action is DISMISSED WITH PREJUDICE for failure to state a claim;
         dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g). <u>Silva v.</u>
         <u>Di Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011); and

3.       Any and all pending motions shall be terminated and the Clerk of Court
         shall CLOSE this case.

IT IS SO ORDERED.

Dated:   March 3, 2015                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

7